UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ROBERT M. HALKITIS,

                                    Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
DONALDA CHUMNEY, JENNIFER REHN-
LOSQUARDO, LINDSAY OAKES, LISA
STEFANICK, COURTNEY DELANEY and YASMEEN
GUTIC,

                                      Defendants.
------------------------------------------------------------------- X

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

19 Civ. 11753 (JMF)

      **WHEREAS**, plaintiff has sought certain documents and information from Defendants New York City Department of Education ("DOE"), Donalda Chumney, Jennifer Rehn-Losquardo, Lindsay Oakes, Lisa Stefanick, Courtney Delaney and Jasmina Gutic s/h/a Yasmeen Gutic (collectively, "defendants") in discovery in this action, which defendants deem confidential and/or highly confidential; and

      **WHEREAS**, defendants object to the production of confidential material unless appropriate protection for its confidentiality is assured;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

<u>Confidential Information In General</u>

      1. As used herein, "Confidential Information," means any information of any type, kind or character which is designated "Confidential" by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information revealed during a court proceeding

or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information.

Use of Confidential Information In General

2. Neither the parties, nor their attorneys or anyone else receiving such Confidential Information as provided herein shall use the Confidential Information for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Neither plaintiff nor his attorneys shall disclose Confidential Information to any person except under the following conditions:

    a. Disclosure before trial may be made only to (i) plaintiff's counsel's staff, (ii) an expert who has been retained or specially employed by counsel for the plaintiff in anticipation of litigation or preparation of this action (including consulting experts), (iii) a witness at deposition (as provided for below), (iv) the Court (as provided for below), (v) at the summary judgment stage or (vi) at the trial (or another hearing) of this action (as provided for below), wherein for all cases the disclosure of such information is deemed necessary to the investigation of the matters relevant to this action, presentation of such testimony, or the legal issues pertinent to this action;

    b. Disclosure to an individual not listed in subparagraph 3(a) above may be made only upon granting of an application to the Court, and for good cause shown. In the event a conflict arises between the parties as to whether a party may show Confidential Information to an individual not listed in subparagraph (a) above, the receiving party agrees not to do so

            until such time as the parties can obtain a ruling from the Court in this regard; and

    c.    Before any disclosure is made to a person listed in subparagraph 3(a) above (other than to the Court), plaintiff's counsel shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Information for any purpose other than in connection with the preparation, presentation or defense of this case and not to further disclose the Confidential Information except in testimony given in this case.  The signatory shall further agree to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate.  The signed consent shall be retained by the applicable attorney and a copy shall be furnished to opposing counsel upon request. Any consent forms signed by consulting experts may be redacted upon disclosure to the supplying party's attorneys.

    4.    Confidential Information shall not be copied or reproduced except for use in this action, and shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order.  If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" as appropriate. All copies or reproductions

of Confidential Information shall be kept under the control of the persons described in paragraph 3.

<u>Designation of Confidential Information In General</u>

5. Material (including responses to Interrogatories and court filings) shall be designated as "Confidential" by placing or affixing on such material a "CONFIDENTIAL" notice, or, in the case of materials to be produced for inspection, or testimony, otherwise identifying them as "Confidential Information."

6. Any such notice which is inadvertently omitted during document production or inspection may be corrected by prompt written notification to counsel.

7. Deposition or hearing testimony may be designated as "Confidential Information" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to counsel upon review of the transcript.

8. Deposition exhibits and exhibits to Court filings which are deemed "Confidential Information" shall be so designated by stamping the exhibit accordingly.

9. Any portion of a transcript or exhibit designated as "Confidential" shall be separately bound and the "CONFIDENTIAL" designation shall be marked conspicuously on the cover.

10. If designation occurs after receipt of the transcript, then each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.  To the extent required to be consistent with the provisions of this Stipulation and Protective Order, persons not entitled to have access to Confidential Information may be excluded from any proceeding where it is being discussed.

Disputes

11. If anyone objects to discovery materials being considered Confidential Information, the Party shall state the objection by letter to counsel. If the Parties are unable to resolve the objection, any Party may move the Court for an Order that the challenged information does not qualify as Confidential Information. Until the Court rules on the objection, the disputed information shall be treated as Confidential Information.

Depositions

12. Persons attending virtual depositions taken in this action at which Confidential Information or any information contained therein is identified, discussed or disclosed shall be limited to the Parties, the court reporter, the deponent, counsel for the deponent, counsel for the Parties and any representative of the Parties who are bound by the terms of this Stipulation and Confidentiality Agreement and such other persons identified herein. If any Confidential Information is to be used during the virtual deposition of a non-Party witness, the deponent shall be given a copy of the Consent Form prior to the virtual deposition, advised that he or she is bound by the terms thereof, and requested to sign the Consent Form. In the event the deponent elects not to execute the Consent Form, the court reporter will be directed not to provide a copy of the deposition transcript to the deponent for review, but shall require the deponent to meet virtually with the court reporter to review the transcript. The deponent will not be allowed to make a copy of the transcript. In addition, the court reporter is prohibited from providing a copy to the deponent of any Confidential Information contained in exhibits to the virtual deposition.

13. Deposition testimony concerning any Confidential Information which reveals the contents of such information shall be deemed confidential, and the transcript of such

testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Information within the meaning of this Stipulation and Protective Order.

14. Transcripts of depositions shall be given the protections afforded Confidential Information under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the parties an opportunity to designate information contained in that transcript as Confidential Information.

Filings with the Court

15. If any paper that incorporates any Confidential Information or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal or in redacted form in accordance with the procedures described in Paragraph 7 of the Court's Individual Rules and Practices in Civil Cases, which are available at http://www.nysd.uscourts.gov/judge/Furman.

Court Proceedings

16. Subject to the Federal Rules of Evidence, Confidential Information may be disclosed at trial or at a hearing in open court. Either party intending to use Confidential Information shall notify the supplying party of the listing as a trial exhibit of documents containing its Confidential Information within one day after so listing such documents. Where the Confidential Information to be disclosed was not listed on the trial exhibit list, the party disclosing the Confidential Information must provide twenty four (24) hours' advance notice (or, if that is not possible, as much advance notice as is practicable in the circumstances) to the

supplying party.  Nothing in this Order shall operate as an admission by any party that any particular discovery information is or is not admissible in evidence at the trial of this action.

Termination of this Case

17. The confidential nature of all information subject to this Stipulation and Protective Order shall continue, and this Stipulation and Protective Order shall remain in full force and effect, after the termination of this case (including any related appeals).  Within 90 days of the termination of this case, the parties and persons in receipt of Confidential Information shall destroy all Confidential Information they had received (including all copies, notes, and other materials containing or referring to information derived therefrom) and shall provide written confirmation of such destruction to the party providing such Confidential Information within one week of such destruction.

Subpoena or Compulsory Process

18. If a party or counsel has obtained Confidential Information under the terms of this Stipulation and Protective Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, the subpoenaed party shall promptly notify the supplying party.  The subpoenaed party or counsel shall not produce any Confidential Information in response to the subpoena without the prior written consent of the supplying party unless in response to an order of a court of competent jurisdiction.  The subpoenaed party or counsel will not object to the supplying party having a reasonable opportunity to appear in the litigation or process commanding disclosure of the supplying party's Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.  If a party seeks to move to quash, it must do so within a reasonable period of time.

Enforcement-Jurisdiction-Breach

19. If Confidential Information under the terms of this Order is disclosed to any person other than one entitled to disclosure in the manner authorized under this Order, the party responsible for the unauthorized disclosure shall immediately upon learning of such disclosure inform the party that made the designation of confidentiality in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further unauthorized disclosure of the Confidential Information.

20. Notwithstanding the foregoing, counsel are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Confidential Information under the terms of this Order.

21. For the purposes of this Stipulation only, the Parties and parties in receipt of Confidential Information agree to be subject to the jurisdiction of the Court (including, but not limited to, any dispute concerning its enforcement and/or interpretation) and to be bound by the terms of this Stipulation and Order.  Notwithstanding the foregoing, in the event of a breach of this Stipulation and Confidentiality Agreement, the Parties shall be entitled to obtain injunctive relief from any court having jurisdiction to enforce the provisions hereof.  This Stipulation and Confidentiality Agreement shall be interpreted in accordance with the laws of the State of New York.

22.   Any person found to have made an impermissible use of Confidential Information will be subject, without limitation, to civil and criminal penalties for contempt of court.

Miscellaneous

23. Nothing in this Stipulation and Protective Order shall be construed to limit the use of the Confidential Information in any manner by the party who provided it.

24. Counsel for the supplying party or person may agree in writing to any specific disclosure of Confidential Information (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Agreement as to the use of that document or thing.

25. This Stipulation and Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Stipulation and Protective Order, nor the designation of any information or document as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Nothing herein shall be construed as an agreement or admission: (a) that any information, document, or the like designated as Confidential Information or the like by an opposite party is in fact confidential or a trade secret; or (b) with respect to the competency, relevance or materiality of any information, document.

26. No disclosure of Confidential Information (or any information contained therein or derived therefrom), whether intentional or inadvertent, shall be deemed to waive any of the rights provided herein or at law, including claims and assertions of privilege and/or relevancy, except as provided above. Disclosure of Confidential Information for one purpose does not constitute a waiver for any other purposes.

27. This Stipulation and Protective Order may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously on the same document.

28. The Parties shall jointly submit a fully-executed Stipulation and Protective Order to the Court for approval and entry as an Order of the Court. In the event the Court refuses to approve the Stipulation and Protective Order by Court Order, the Parties expressly acknowledge their agreement to be bound by the terms of the Stipulation and Protective Order under all circumstances.

Dated:   New York, New York
         September 17, 2020

| | |
|---|---|
| **LAW OFFICE OF JILLIAN T. WEISS, PC**<br>Attorney for Plaintiff<br>442 15th Street No. 1R<br>Brooklyn, NY 11215<br>(845) 709-3237 | **JAMES E. JOHNSON**<br>Corporation Counsel of the<br>   City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-141<br>New York, New York  10007-2601<br>(212) 356-1180 |
| By: _____/s/_____<br>Jillian T. Weiss<br>Attorney for Plaintiff | By: _____<br>Jennifer Y. Hwang<br>Assistant Corporation Counsel |

**SO ORDERED:**

Dated: __September 18, 2020__

_____
Hon. Jesse M. Furman
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the Southern District of New York on _____ 2020, in the action entitled <u>Halkitis v. New York City Department of Education, et al.</u>, Civil Action No.: 19 Civ. 11753 (JMF), understands its terms and agrees to be bound by it. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this action, and will not further disclose the Confidential Materials except in testimony taken in this action. The undersigned voluntarily submits to the personal jurisdiction of the United States District Court for the Southern District of New York for purposes of the enforcement of the above-cited protective order and the imposition of any sanctions for contempt of that order.

DATED: _____, 20\_\_

_____
SIGNATURE

_____
Print Name

_____
Occupation

STATE OF _____, COUNTY OF _____ SS.:

On _____, 20\_\_, before me personally came _____,
to me known, and known, and duly acknowledged to me that he/she executed this document.