**LAW OFFICE OF JILLIAN T. WEISS, P.C.**
ATTORNEYS AT LAW
442 15TH STREET, №1R
BROOKLYN, NEW YORK 11215
------------
(845) 709-3237
FAX: (845) 684-0160

JILLIAN T. WEISS                                                   JOSEPH D. WILLIAMS
jweiss@jtweisslaw.com                                 jwilliams@jtweisslaw.com
DIRECT DIAL: (845) 709-3237                        DIRECT DIAL (917) 705-4333
ADMITTED IN NEW YORK AND NEW JERSEY ONLY      ADMITTED IN NEW YORK ONLY

**VIA ECF**
November 9, 2020

Hon. Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square Rm 1105
New York, NY 10007

**Re: Halkitis v. DOE, et al., Case No. 1:19-cv-11753-JMF – Plaintiff's Letter Motion to Compel Discovery**

Dear Judge Furman,

  On October 10, 2020, Plaintiff advised Defendants that it planned to make a motion to compel discovery, and set out his specific demands by letter. See Exhibit A. Defendants advised that they would make a response to this, and on October 27, 2020, advised Plaintiff that it would provide certain information, but not the requested information with regard to Interrogatories No. 3, 6, and 8. These Interrogatories and the reasons that the Defendants' objections are not salient are set forth below. Plaintiff requests that the Court order answers to these interrogatories.

**Interrogatory No. 3:**

State whether any personnel at the Wagner School made any complaints of harassment or discrimination based on sex, gender, sexual orientation or gender identity during the period September 1, 2017 to June 30, 2019. If so, state their names and the dates of their complaints.

**Response:**
Defendants object to this interrogatory on the grounds that it exceeds the scope permitted by Local Civil Rule 33.3. Defendants further object to this interrogatory on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, assumes facts not admitted or established, seeks personal, confidential and private

information concerning non-parties to this action and/or individuals who did not have personal involvement in the events underlying this action, seeks information not relevant to any claim or defense and is disproportionate to the needs of this case.

**Interrogatory No. 6:**
State whether DOE or the Individual Defendants has been a party to any administrative, judicial or quasi-judicial action alleging violations of any employment law or claims or discrimination, harassment or retaliation at the Wagner School during the period September 1, 2015 to the present, and identify any such matters by date and name of complainant, and any personnel involved in investigating such matters.

**Response:**
Defendants object to this interrogatory on the grounds that is beyond the scope permitted by Local Civil Rule 33.3. Defendants also object to this interrogatory on the grounds that it is confusing, vague, and ambiguous with respect to the use of phrases "has been a party," "administrative," "judicial," "quasi-judicial action," and "at the Wagner school." Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this interrogatory as seeking to identify any civil actions served upon individually named Defendants or internal complaints filed with the Office of Equal Opportunity & Diversity Management ("OEO") against any of the individually names Defendants from September 2017 to 2019 alleging sexual orientation discrimination and retaliation, pursuant to Federal Civil Procedure Rule 33(d), Defendants will undertake a reasonable search for responsive information and will produce non-privileged information if located.


**Interrogatory No. 8:**

Identify DOE's officers, employees or agents who are alleged to have committed discrimination involving sex, sexual orientation, gender expression or gender identity at the Wagner School during the period September 1, 2015 to the present.

**Response:**
Defendants object to this interrogatory to the extent it seeks information that is beyond the scope permitted by Local Civil Rule 33.3. Defendants also object to this interrogatory on the grounds that it is confusing, vague, and ambiguous with respect to the use of the phrases "who are alleged," "have committed," and "at the Wagner School." Defendants further object to this interrogatory on the grounds that it seeks information not relevant to the parties' claims and defenses in this matter, seeks personal, confidential and private information concerning non-parties to this action, and seeks information that if disclosed, would constitute an unwarranted invasion of personal privacy.

**Deficiency:**

Plaintiff disagrees that these interrogatories violate Local Rule 33, as they seek names of potential witnesses. Plaintiff is entitled to this information under Local Rule 33(a) and (b). The interrogatories are relevant to the subject matter as they seek information to understand whether Defendant had any employees who were similarly situated to Plaintiff, as required under Title VII. In any event, the time during which Rule 33 operates has long past, as it only applies to the initial stages of discovery.

To the extent that these interrogatories seek information other than that defined in Local Rule 33(a), we believe they are a more practical method of obtaining the information sought than a request for production or a deposition, consistent with Local Rule 33(b).

It is not proper for Defendant to object on the grounds of vagueness, ambiguity, overbreadth or undue burden without an explanation as to how the request is vague, ambiguous or overbroad, or an explanation of how the burden posed by the request and how it will "unduly discommode it." *Lineen v. Metcalf & Eddy, Inc.*, 1997 WL 73763 at *1 and *7 (S.D.N.Y. 1997) (cited in *Family Wireless #1, LLC v. Auto. Techs., Inc.*, No. 3:15CV01310(JCH), 2016 WL 3911870, at *1 and *7 (D. Conn. July 15, 2016))

Regarding relevance, allegations of discrimination in the workplace occurring to people other than the Plaintiff are relevant to show hostile work environment. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 70 (2d Cir. 2000); *Patane v. Clark*, 508 F.3d 106, 114 (2d Cir. 2007); *DeMarco v. West Hills Montessori*, 350 Fed.Appx. 592, 593 (2d Cir. 2009).

Plaintiff disagrees that the request is disproportionate to the needs of the case and would like clarification on these concerns from Defendant. With regard to the objection on the grounds that this interrogatory seeks personal, confidential information about non-parties to this case, the parties have agreed to a confidentiality order. That should resolve this issue.

  For these reasons, Plaintiff respectfully requests that the Court compel Defendants to provide the requested information.

    Respectfully submitted,

    *s/ Jillian T. Weiss*

    Jillian T. Weiss

Per the Court's prior Order, Defendants had until yesterday to file any opposition, and they did not. In any event, the Court has reviewed Defendants' arguments as set forth above and finds them to be without merit. Accordingly, Plaintiff's motion to compel is GRANTED. Defendants shall respond to the interrogatories at issue within one week of today. The Clerk of Court is directed to terminate ECF No. 32. SO ORDERED.

November 13, 2020